**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**\*\*E-filed 4/22/11\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

THERESA D. LARA,                                    No. C 11-0607 RS

        Plaintiff,

   v.                                                    **ORDER RE BRIEFING**

COUNTY OF SANTA CLARA, et al.,

        Defendants.

_____/

    This is the third time that this case has been before this Court on removal from Santa Clara Superior Court by defendants Santa Clara County, Sheriff Laurie Smith, and Deputy Sheriff Craig (collectively "the County"). The first time it was assigned Case No. 10-0751 RS ("*Lara I*").  In April of 2010, *Lara I* was remanded to state court on grounds that defendants Edmundo and Jean Damasco, had not joined in, and in fact objected to, the notice of removal.

    After that first remand, plaintiff sought leave from the state court to file an amended complaint that did not include the Damascos as defendants.  When leave to amend was granted, but before the amended complaint was actually filed, the County again removed the matter to this Court, where it was assigned Case No. 10-4359 RS ("*Lara II*").  Plaintiff moved to remand again. Although plaintiff's motion arguably presented a contention that a second removal would be improper regardless of the status of the amended complaint, the motion specifically pointed out that it  not been filed, and a declaration was offered in support of the motion solely to establish that fact.

**United States District Court**
For the Northern District of California

In remanding *Lara II*, the Court relied on the fact that the amended complaint had not been filed to conclude that no basis for the second removal existed. The order observed that to the extent plaintiff was arguing that successive removals are always improper, the authority she cited did not conclusively establish such a rule. Nevertheless, the Court directed that should the Damascos ultimately be dismissed, the County was not to effect a third removal without clear precedential authority that, "after an initial remand on grounds that not all defendants joined in the removal, remaining defendants can properly file a subsequent notice of removal upon dismissal of the objecting defendants." The order also provided that the County should not attempt a third removal absent authority that it would be proper to do so after a defective removal based on a incorrect supposition that objecting defendants had been dismissed.

In February of 2011, the County learned that plaintiff's counsel had in fact executed a request for dismissal of the Damascos on July 8, 2010, and that their dismissal was entered by the Santa Clara Superior Court on July 12, 2010, after the remand of *Lara I*, and well before the removal of *Lara II*. The request for dismissal had not been served on the County. The County filed the third notice of removal within 30 days of first learning of the Damascos' dismissal.

These circumstances suggest, at a minimum, a lack of candor by plaintiff's counsel when he sought remand of *Lara II,* and potentially even an intent to mislead. The assertion that the amended complaint had never been filed may have been truthful, but it was irrelevant given that the Damascos had already been dismissed. The plain implication of plaintiffs' motion to remand, and the basis on which remand was actually granted, was that the Damascos remained parties to the action.

Accordingly, at this juncture, this action will be treated as if it were only the second time the case has been removed to this court. The County need not comply with the provision in the order remanding *Lara II* that required them to show that a subsequent removal is permissible after a premature removal based on an incorrect assumption that objecting defendants had been dismissed. Because procedural defects in removal are waiveable, plaintiff may elect not to refile the motion to remand that she submitted in this action prior to its reassignment to the undersigned. If plaintiff chooses to pursue remand, however, she shall limit her argument to presenting authority and

1   analysis in support of the proposition that where a case has been remanded based on the fact that not

2   all defendants consented to removal, the subsequent dismissal of those defendants does not give rise

3   to a right to remove.

4        At the time plaintiff files any such motion to remand, or within 20 days of the date of this

5   order if she elects not to pursue remand, plaintiff's counsel shall submit a declaration addressing the

6   choice he apparently made when seeking remand of *Lara II* to argue that the amended complaint

7   had not been filed without disclosing that the Damascos had nevertheless already been dismissed

8   from the action.

9

10   IT IS SO ORDERED.

11

12   Dated: 4/22/11   _____

13   RICHARD SEEBORG
      UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3