Anthony F. Earle, Esquire  SBN 202951
EARLE LAW OFFICES
A Professional Corporation
19925 Stevens Creek Boulevard, Suite 100
Post Office Box 1925
Cupertino, California 95015-1925
Telephone:  408.786.1060

*Attorneys for*
     Plaintiff Theresa D. Lara

UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA D. LARA | NO.    CV-11-00607-RS |
| Plaintiff | Date:    June 7, 2012<br>Time:    1:30 p.m.<br>Dept:    Courtroom 3, 17th Floor<br>Judge:    Hon. Richard Seeborg |
| v. | |
| COUNTY OF SANTA CLARA;<br>SHERIFF LAURIE SMITH;<br>DEPUTY CRAIG, # 1869; DEPUTY<br>MORENO; AND DOES 3-20; | PLAINTIFF'S NOTICE OF<br>MOTION AND MOTION FOR<br>SUMMARY JUDGMENT;<br>MEMORANDUM OF POINTS AND<br>AUTHORITIES IN SUPPORT OF<br>PLAINTIFF'S MOTION FOR<br>SUMMARY JUDGMENT |
| Defendants.<br>_____/ | |

TO DEFENDANTS COUNTY OF SANTA CLARA, SHERIFF LAURIE

SMITH; DEPUTY CRAIG, DEPUTY MORENO AND TO THEIR ATTORNEYS

OF RECORD:

PLEASE TAKE NOTICE THAT at 1:30 p.m., on June 7, 2012, in

Courtroom 3, 17th Floor, United States Courthouse, 450 Golden Gate Avenue, San

Francisco, California 94102, or as soon thereafter as this matter may be heard,

Lara v. County of Santa Clara, et al.
Plaintiff's Motion for
Summary Judgment                    1                    CV-11-00607-RS

1    Plaintiff Theresa D. Lara will, and hereby does, move for an order granting

2    Plaintiff summary judgment on the ground that there is no genuine issue as to any

3    material fact and that Plaintiff is entitled to judgment as a matter of law.

4        This motion is based on this notice of motion and motion; the memorandum

5    of points and authorities and declaration of plaintiff Theresa D. Lara, filed

6    concurrently herewith; and all pleadings and papers on file in this action; and on

7    such other matters as may be presented to the Court at the hearing on this matter.

8        Plaintiff respectfully requests the Court grant Plaintiff's motion for summary

9    judgment.

10

11                          STATEMENT OF FACTS

12       This case involves the situation – resolved some 30 years ago by the

13   California Supreme Court in Arrieta v. Mahon, 31 Cal.3d 381, 389 (1982) – in

14   which a tenant who was not named in, or served with, an eviction lawsuit is evicted

15   by law enforcement officers in contravention of clearly established constitutional

16   law.

17       In this case, as in Arrieta, Plaintiff was evicted from her home without the

18   benefit of constitutional due process, where an eviction lawsuit failed to name

19   Plaintiff herein as a party defendant, notwithstanding that Plaintiff resided at the

20   subject property at the time the eviction lawsuit was filed.

21

22                          LEGAL ARGUMENT

23   I.   APPLICABLE LAW

24        A.    Arrieta v. Mahon

25        Arrieta v. Mahon, like this case, dealt with an eviction of an unnamed

26

27   Lara v. County of Santa Clara, et al.
     Plaintiff's Motion for
28   Summary Judgment                    2                    CV-11-00607-RS

1  occupant who resided at the subject property prior to the filing of an unlawful

2  detainer (eviction) action.

3          Regarding the rights of a tenant who resided at a property before an eviction

4  lawsuit was filed, the California Supreme Court has said:

5              The right to a pre-eviction hearing is firmly established in
   unlawful detainer actions. [Citation omitted] Notice "reasonably
6  calculated . . . to apprise interested parties of the pendency of the action
   and afford them an opportunity to present their objections" is, of course,
7  an essential element of the right to a hearing. [Citation omitted] Those
   who are evicted from their homes pursuant to a writ issued against
8  another receive no notice or hearing whatever – unless by sheer good
   fortune they discover the pendency of the action and are able to block it
9  through an extraordinary remedy. Even those who know of the action
   may not know that their own right to possession is in jeopardy if they are
10 not named in the writ or accompanying papers. In either case, their
   eviction is manifestly contrary to the strictures of the Fourteenth
11 Amendment of the United States Constitution and article I, section 7 of
   the California Constitution. [Underline added]. Arrieta v. Mahon, 31
12 Cal.3d 381, 389 (1982) (underline added).

13             ¶ Once the marshal discovers that a person not named in the writ
   of execution claims a right to possession accruing before the unlawful
14 detainer proceeding commenced, he may not evict that person without
   a further order of court. Id., at 390 (underline added).

15 This case, exactly as in Arrieta, involves eviction of an unnamed tenant who

16 resided at the subject premises prior to the filing of the eviction action. Just as the

17 marshal's eviction in Arrieta "was manifestly contrary to the strictures of the

18 [Constitution]" absent further court order, so too was the Government Defendants'

19 eviction of Plaintiff in this case.

20         B.     California Code of Civil Procedure § 1174.3

21                1.     Section 1174.3 Generally

22 Section 1174.3 states in relevant part:

23             Unless a prejudgment claim of right to possession has been served
   upon occupants in accordance with Section 415.46, any occupant not
24 named in the judgment for possession who occupied the premises on the
   date of the filing of the action may object to enforcement of the judgment

26

27 Lara v. County of Santa Clara, et al.
   Plaintiff's Motion for
28 Summary Judgment                    3                    CV-11-00607-RS

against that occupant by filing a claim of right to possession as prescribed in this section. A claim of right to possession may be filed at any time after service or posting of the writ of possession pursuant to subdivision (a) or (b) of Section 715.020, up to and including the time at which the levying officer returns to effect the eviction of those named in the judgment of possession. Filing the claim of right to possession shall constitute a general appearance. . . .  An occupant or tenant who is named in the action shall not be required to file a claim of right to possession to protect that occupant's right to possession of the premises. C.C.P. § 1174.3(a).

A claim of right to possession is effected by . . . [p]resenting a completed claim form . . . in person with identification to the sheriff, marshal, or other levying officer as prescribed in this section. . . . C.C.P. 1174.3(c)(1-2) (underline added).

The Government Defendants claim their actions were lawful because "Plaintiff did not present a claim of right to possession to the [defendant] Deputies when they arrived to vacate the Apartment," (Defendants' Motion for Summary Judgment, at 11:16-17), thus apparently conceding that "a prejudgment claim of right to possession" was <u>not</u> served, as contemplated in section 1174.3(a).

2.      Section 1174.3 as Applied to this Case

A "Claim of Right of Possession" is a California Judicial Council form which requires certain data for its completion.  Such data includes the case name and case number.  *See*, Request for Judicial Notice.

Plaintiff alleged in her Complaint that she: (a) was never served or otherwise acquired any court papers relating to the eviction prior to the date on which the eviction was effectuated; (b) asked her sister, Mrs. Valdez, a defendant in the eviction case, for a copy of eviction court papers, if in fact an eviction was pending; and (c) searched the Santa Clara Superior Court's web site – without success – for any reference to an eviction action involving Mrs. Valdez.

Notwithstanding her due diligence, Plaintiff was unable to confirm that an eviction case actually was pending.  Lacking knowledge of the case name and case

Lara v. County of Santa Clara, et al.
Plaintiff's Motion for
Summary Judgment                4                CV-11-00607-RS

1    number which were needed to complete a Claim of Right of Possession form –

2    section 1174.3(c)(1-2) requires presentation of a "completed claim form"

3    (underline added) – Plaintiff simply did not have the ability to avail herself of the

4    section 1174.3 procedure.

5                  3.    Constitutional Due Process and Section 1174.3

6            In Arrieta, the California Supreme Court describes the section 1174.3

7    procedure in the paragraph which immediately follows one which states "[n]otice

8    'reasonably calculated . . . to apprise interested parties of the pendency of the

9    action and afford them an opportunity to present their objections' is, of course, an

10   essential element of the right to a hearing" [and that failure to give such notice] "is

11   manifestly" unconstitutional.  Nowhere in Arrieta does the Court suggest that a

12   "manifestly" unconstitutional violation of procedural due process can be cured ex

13   post facto by requiring persons such as Plaintiff to avail themselves of the

14   procedure codified in section 1174.3.  The Court also does not suggest that a

15   careless landlord can shift the burden of giving notice of an eviction action to a

16   tenant such as Arrieta, or to Plaintiff in this case.

17           Section 1174.3 merely codifies a procedure whereby a unnamed tenant can

18   intervene as a party defendant, recognizing that unnamed residents, while perhaps

19   not necessary parties to an eviction action, have legitimate due process rights

20   which can be protected through intervention.

21           The Court's explicit statement in Arrieta that notice of an eviction action

22   must be "reasonably calculated . . . to apprise interested parties of the pendency of

23   the action" (underline added) further supports an interpretation that section 1174.3

24   codifies a right to intervene, as an eviction action cannot be understood as still

25   "pending" in any real or meaningful sense once a writ of possession has issued and

26

27   Lara v. County of Santa Clara, et al.
     Plaintiff's Motion for
28   Summary Judgment                5                      CV-11-00607-RS

1    the police order all occupants to vacate the property.

2        Section 1174.3 simply codifies a procedure whereby an unnamed tenant may

3    – but is not required to – intervene in an eviction action; the statute does not –

4    indeed cannot – abrogate an unnamed tenant's constitutional right to procedural

5    due process.

6    II.    CONSTITUTIONAL VIOLATIONS

7        A.    Due Process

8        The California Supreme Court has held in unequivocal terms that the

9    eviction of persons from their homes pursuant to a writ of possession issued

10   against another, and who received no notice or hearing, is contrary to due process.

11   Arrieta v. Mahon, 31 Cal.3d 381 (1982).

12       B.    Unreasonable Seizure

13       An arrest can only be made upon probable cause, which depends "upon

14   whether, at the moment the arrest was made . . . the facts and circumstances within

15   [the officers'] knowledge and of which they had reasonably trustworthy

16   information[,] were sufficient to a prudent man in believing that the [arrestee] had

17   committed or was committing an offense."  Beck v. Ohio, 379 U.S. 89, 91 (1964).

18       Here, it is undisputed that the defendant sheriff's deputies, on the date in

19   question, arrived at the apartment at which Plaintiff resided and commanded

20   Plaintiff to vacate the apartment.  The defendant deputies were in full uniform,

21   each armed with holstered handguns.  As alleged in her Complaint:

22
             [Plaintiff] politely informed defendant deputy sheriffs, and each of them,
23           that Plaintiff had not been served with legal process relating to [the
             eviction]. . . .
24
             ¶ One of said sheriff's deputies [then] told Plaintiff that not having been
25           served with court papers and/or the absence of Plaintiff's name on court

26

27   Lara v. County of Santa Clara, et al.
     Plaintiff's Motion for
28   Summary Judgment              6                      CV-11-00607-RS

papers was/were not a fact/facts which would cause said defendant sheriff's deputies to rescind or withdraw their order that Plaintiff vacate apartment. . . .

¶  Plaintiff, because she was ordered by defendant deputy sheriffs, and each of them, to vacate the subject premises – rather than simply requested to depart voluntarily – subjectively, and reasonably, believed that failure to comply with said order would result in Plaintiff's forcible removal from said premises and/or Plaintiff's arrest for resisting, obstructing, or delaying a peace officer in the performance of said officer's duties.

¶  Plaintiff [then] complied with the order by defendant sheriff's deputies to vacate apartment.

Although the defendant deputy sheriffs did not arrest Plaintiff, nor did they even physically touch Plaintiff, said defendants nevertheless effected a constitutional "seizure" of Plaintiff through the use of a verbal command which directed Plaintiff to vacate the apartment.

Plaintiff had every reason to believe – and did believe – that the defendant deputies, in their effort to obtain compliance with their verbal command, would have escalated their verbal seizure of Plaintiff (e.g., verbal command that Plaintiff vacate the apartment) to an actual physical seizure (e.g., perhaps arresting Plaintiff for violating California Penal Code § 148, interfering/obstructing a peace officer), had Plaintiff not "voluntarily" complied with the defendant deputies' verbal command to vacate the apartment.  Thus, the implicit understanding that the deputies would use physical force, if necessary, to achieve compliance with their command constitutes a constitutional seizure.

III.   COUNTY POLICY

Defendant County of Santa Clara asserts that any injury suffered by Plaintiff was not a product of any County policy, custom or practice.  There is ample evidence to the contrary.

Lara v. County of Santa Clara, et al.
Plaintiff's Motion for
Summary Judgment                    7                    CV-11-00607-RS

1   Defendant County, in response to a request for documents which sought:

2

3   Request No. 2:
            Any and all DOCUMENTS which constitute DEFENDANT's
4   policies and/or procedures CONCERNING the handling or conduct of
    eviction/unlawful detainer cases by deputy sheriffs. This request
5   includes, but not limited to Policies and Procedures, General Orders,
    Training Bulletins, and the like.
6
    Request No. 3:
7            Any and all DOCUMENTS which constitute or reflect training by,
    or on behalf of, DEFENDANT of its sheriffs deputies on the
8   requirements of, or holding in, Arrieta v. Mahon, 31 Cal.3d 381 (1982).

9

10  produced a document entitled "Office of the Sheriff Santa Clara County[,] Sheriff

11  Laurie Smith[,] Civil Training Manual."  The section of said manual which

12  discusses evictions states, in relevant part:

13          From time to time, you will be notified of circumstances that halt
    or stay the completion of an eviction. This may be a bankruptcy, court
14  ordered stay or a stipulated agreement among the parties to halt the
    eviction. A claim of right of possession may be filed that stops the
15  eviction for a short period of time. This claim may be given to you in the
    field or filed with our office prior to the eviction. If you receive the
16  claim in the field make sure the person making the claim is not named on
    the writ of possession. If the person is on the writ no claim may be
17  made. The person making the claim must be at least 18 years old and
    show I.D. to prove the age. Once you return to the office at the end of
18  the day the original claim of right of possession will be given to one of
    the sheriffs technicians to be delivered to court. There must not be any
19  delay in the processing of the right of possession claim. Decl. of
    Attorney for Plaintiff. See, Decl. of Attorney for Plaintiff.

20  Conspicuously absent from the training manual is any discussion of an

21  unnamed occupant's right to due process in cases where, as here, it was not

22  reasonably possible for an unnamed occupant to have completed a claim form.

23  Although it is true that there is no explicit language in Defendant County's training

24  manual that instructs its deputies to ignore the 30-year old precedent of Arrieta, the

25  absence of any discussion concerning constitutional due process in this type of

26

27  Lara v. County of Santa Clara, et al.
    Plaintiff's Motion for
28  Summary Judgment                    8                    CV-11-00607-RS

1  eviction case constitutes, at best, a failure by defendant County to train or
2  supervise its deputies and, at worst deliberate indifference to the holding in <u>Arrieta</u>.
3  IV.     CALIFORNIA CIVIL CODE SECTION 52.1
4         California Civil Code § 52.1 provides authority for lawsuits which allege a
5  violation of rights "secured by the Constitution or laws of the United States, or of
6  the rights secured by the Constitution or laws of California. . . ."
7         As discussed above, Plaintiff's right to due process of law and to be free
8  from unreasonable seizure are clearly implicated in this lawsuit.
9
10
11 Date: January 19, 2012                     EARLE LAW OFFICES
                                              A Professional Corporation
12
13                                            /s/ Anthony F. Earle
14                                            _____
                                              By:  Anthony F. Earle
15                                            Attorney for Plaintiff
16
17
18
19
20
21
22
23
24
25
26
27 Lara v. County of Santa Clara, et al.
   Plaintiff's Motion for
28 Summary Judgment            9              CV-11-00607-RS